(139 App. Div. 672.)

ROTHSCHILD et al. v. TITLE GUARANTEE & TRUST CO.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. MORTGAGES (§ 83*)—FORGED MORTGAGE—ESTOPPEL.
     A.'s son forged her name to a mortgage.   After discovering it, she made two payments of interest thereon without any fraudulent intent whatever, and without any design to shield her son.   Held, that her duty to inform the mortgagee of the forgery was not such as to estop her from claiming its invalidity.
     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 192; Dec. Dig. § 83.*]

2. MORTGAGES (§ 84*)—FORGED MORTGAGE—RATIFICATION.
     Where A.'s son forged her name to a mortgage, her subsequent two payments of interest thereon were not such a ratification as to estop her from claiming its invalidity.
     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 193; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Suit by Hattie Rothschild and another, individually and as executors, etc., of Caroline Strauss, against the Title Guarantee & Trust Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, and RICH, JJ.

Edward M. Perry, for appellant.

Edward T. Horwill, for respondents.

HIRSCHBERG, P. J. The judgment herein directs the defendant to give up a mortgage recorded in the register's office of the county of Kings, to be canceled and discharged of record, and to execute and deliver to the plaintiffs a satisfaction for that purpose. The mortgage covers real estate owned at the time of its date by Caroline Strauss, now deceased, and it is conceded that her signature to the instrument was forged by her son. The record contains none of the evidence taken on the trial, and the appeal has been heard and is to be determined solely upon the judgment roll and the facts found by the learned trial justice, on the defendant's requests, and the exceptions taken by defendant to the findings of law. The point presented is that Mrs. Strauss made some payments of interest on the bond and mortgage after discovery of the forgery, whereby, the appellant claims, she became estopped from afterwards denying the validity and integrity of the instrument.

It seems unnecessary to analyze the many cases presented by the learned counsel for the appellant, inasmuch as none of them holds that the mere payment of the interest money, with a knowledge of the forgery and without disclosing that fact, estops the plaintiff, in the absence of any proof that the holders of the instrument were thereby prevented from enforcing any remedy in their power, and in the absence of any proof that their position in the premises was thereby changed to their disadvantage. The court has found as a fact that Mrs. Strauss made two payments of interest with knowledge of the forgery. She died shortly after the second payment. The court has also found, presumably on sufficient evidence, that such payments were made without fraudulent or wrongful intent, and has refused to find that they were made with any design of shielding her son from the consequences of his wrongful act, or that the payments in any way prevented the holder of the mortgage from discovering the forgery, or from taking any lawful steps which might have resulted in the recovery from the wrongdoer of the amount of the loan secured by the mortgage or any part of it.

In the circumstances it cannot be said as matter of law that there was such a duty upon the deceased to disclose the infirmity of the security, when she discovered it, as to create an equitable estoppel on her failure to do so. It cannot be said that the mere payment of interest ratified the unauthorized and unlawful act of her son in forging her name, and it follows that the judgment should be affirmed. All concur.